[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in the above captioned case seek permission to amend their one count complaint which lies in negligence to add a second count of common law recklessness. The allegations contained in the first count describe a motor vehicle incident that portrays the defendant travelling on to the sidewalk, striking the pedestrian plaintiffs. Plaintiffs claim both statutory and common law negligence as well as statutory recklessness in violation of Conn. Gen. Stats. 14-222a. They CT Page 6038 now seek to add a second count sounding in common law recklessness to which the defendant objects.
This court finds that the amendment relates back and therefore its filing more than four years after the accident does not violate the statute of limitations. Even had Conn. Gen. Stats. 14-222 not be part of the first count, the amendment did not inject "`two different sets of circumstances and depend on different facts'. . . but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability." Gurliacci v. Mayer, 218 Conn. 531,549 (1991). Moreover, the presence of Conn. Gen. Stats.14-222 in Count I eliminates any question as to "change of focus." See Sharp v. Mitchell, 209 Conn. 59 (1988) (wherein change in nature of negligence action from one of negligent supervision to one of negligent construction caused court to bar amendment sought after the statute of limitations had run because, although both sets of allegations were based on negligence, the defendant would have been required to gather different facts and evidence.) The allegations the plaintiffs seek to add raise no new issues of fact or circumstance and do not alter or deviate the nature of notice already provided.[1]
Defending against the negligence claim will be substantially similar to defending against a recklessness claim; the only real change made by virtue of this proposed second count is to the ad damnum because plaintiff is now free to seek exemplary or punitive damages based upon an allegation of common law recklessness. However, this new exposure does not negate "`the identity of the cause of action'" Gurliacci v. Mayer, supra at 549 (citation omitted). In that case, the new allegations in issue had the potential effect of taking the claim outside the operation of the fellow employee immunity rule; nevertheless the court merely looked to whether the defendant "had adequate notice that a claim was being asserted against him arising out of the alleged motor vehicle accident." Id.
Similarly, this court is satisfied that the defendant had ample notice of the facts and circumstances of the alleged incident and that there is little or no change of focus between the two theories of liability. The request to amend is therefore granted.[2]
KATZ, J.